Johnson, J.,
delivered the opinion of the Court.
The power to open the master’s report after confirmation, although rarely exercised, seems fully sustained by the authorities. In Manaton v. Molesworth, 1 Eden, 26, the Lord Keeper exercised it, to lot in proof, that the defendant had by fraud set up certain debts, which had been allowed him. It is distinctly recognized by Lord Eldon, in Turner v. Turner, 1 Swanst. 156; and in a note to that case the editor has collected several cases, in which the power had been exercised. In a case like this, when the fond is still in the power of the Court, and all the parties before it, and when no delay, or inconvenience would result from it, it would be a mockery of justice, to deny the petitioner the right to open this report, in order to correct an error, which, to put it upon the most favorable footing, originated in the neglect of the party benefited by that error.; for it was the duty of Thomas Cochran to have brought into the account the amount which ho received on account of the slaves sold by the assignees.
On the remaining question there is still léss difficulty. Thomas Cochran was the oldest judgment creditor of Edward Lynah, and was intitled to priority of payment. The trust confided to him by the assignment was, to pay himself first, out of the proceeds of the assigned estate. He received $519.05, the proceeds of the sale of five slaves of the assigned estate; and the effect of the report of 25th May, 1829, which was confirmed, was to leave that judgment still open against the estate of Edward Lynah. But this is inadmissible . Thomas Cochran has received an amount greater than his judgment; and he was bound by the nature of his trust to apply it in payment, and it must be so applied.
The decree of the Circuit Court is therefore reversed; and it is ordered, that the amount received by Thomas Cochran, or so much of it as is necessary, bo applied to the payment’ of his judgment against Edward Lynah, and that satisfaction thereof be entered.
O’Neall, J., and Harper, J., concurred.

Decree reversed.